

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-77,118

### EX PARTE DAVID SANTIAGO RENTERIA, Applicant

### ON DIRECT APPEAL FROM DENIAL OF WRIT OF HABEAS CORPUS UNDER ARTICLE I, § 12 OF THE TEXAS CONSTITUTION AND TEXAS CODE OF CRIMINAL PROCEDURE 11.05 AND MOTION TO STAY THE EXECUTION IN CAUSE NO. 20020D00230 FROM THE 327TH JUDICIAL DISTRICT COURT EL PASO COUNTY

*Per curiam.* YEARY, J., filed a dissenting opinion.

### O P I N I O N

Applicant appeals from a trial court order denying relief on the claims raised in his Application for Writ of Habeas Corpus Under Article I, § 12 of the Texas Constitution and Texas Code of Criminal Procedure Article 11.05.[1] He also asks this Court to stay his execution pending this appeal. Applicant presents four points of error. After reviewing the issues, we find Applicant's points to be without merit. Consequently, we affirm the

---

[1] References to Articles in this opinion are to the Texas Code of Criminal Procedure unless otherwise specified.

trial court's order denying relief.

I. *Background*

Applicant was convicted and sentenced to death in September 2003 for the capital murder of five-year-old Alexandra Flores. *See* TEX. PENAL CODE §19.03(a). This Court affirmed Applicant's conviction on direct appeal, but reversed his death sentence. *See Renteria v. State*, 206 S.W.3d 689 (Tex. Crim. App. 2006).

Applicant received a new punishment trial in 2008, and a jury again answered the punishment questions in a manner requiring the judge to sentence him to death. This Court affirmed his sentence on direct appeal. *See Renteria v. State*, No. AP-74,829 (Tex. Crim. App. May 4, 2011) (not designated for publication).

This Court also denied relief on the claims raised in Applicant's initial habeas application and his initial habeas application after the punishment retrial. *See generally* Art. 11.071; *see also Ex parte Renteria*, No. WR-65,627-01 (Tex. Crim. App. Dec. 17, 2014) (not designated for publication); *Ex parte Renteria*, Nos. WR-65,627-02 and -03 (Tex. Crim. App. Dec. 17, 2014) (not designated for publication). We further declared several guilt/innocence points raised in the -02 writ application to constitute a subsequent application and dismissed those allegations as an abuse of the writ. *Renteria*, Nos. WR-65,627-02 and -03. And this Court dismissed Applicant's most recent subsequent writ application as an abuse of the writ. *Ex parte Renteria*, No. WR-65,627-05 (Tex. Crim. App. Nov. 15, 2023) (not designated for publication).

II. *The Original Writ Application Filed in the Trial Court*

In Applicant's original writ application filed in the trial court, he raised three claims. First, Applicant asserted that the manner in which Texas officials intend to carry out his execution would violate the Fourteenth Amendment to the United States Constitution. Specifically, he asserted that, among other reasons, the Director refused to take precautions against "torture, ill treatment, or unnecessary pain" caused by the use of adulterated pentobarbital.[2] Second, Applicant complained that the Director's "purposeful, unnecessary, and unlawful use of degraded, adulterated chemicals" for executions violates the Eighth Amendment's prohibition against cruel and unusual punishment. Lastly, Applicant complained that the setting and resetting of his execution date violated his rights under the Fourteenth Amendment's Due Process Clause.

III. *The Trial Court's Ruling*

The trial court noted the United States Supreme Court's ruling in *Glossip* in which that Court held that "prisoners cannot successfully challenge a method of execution unless they establish that the method presents a risk that is 'sure or very likely to cause serious illness and needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Glossip v. Gross*, 576 U.S. 863, 877 (2015). The trial court concluded that Applicant had only provided speculation regarding his claims and therefore had failed to meet the threshold requirement for relief. The trial court accordingly denied relief.

---

[2] The "Director" is the Director of the Texas Department of Criminal Justice (TDCJ).

IV.  *Applicant's Arguments on Appeal and the Court's Analysis*

In his first point of error, Applicant contends that the trial court denied him due process of law "when it purported to adjudicate his claims by merely copying verbatim the text of an order from a different case in which [Applicant] was not a party, was not served with either the petition or the response, and that raised different claims under different legal theories and with different facts and evidence."  Although the trial court may have worded its order somewhat inartfully and included a recitation of some claims not actually raised in Applicant's writ application, the order was not wrong in its ultimate conclusion.  The trial court properly found that Applicant had provided only speculation concerning his claims and, thus, he had failed to meet the threshold requirement for relief.  Further, Applicant's conclusory statements—that the trial court failed to consider the claims he raised—are unsupported.  Point of error one is overruled.

In his second and third points of error, Applicant asserts that the Director's acts and omissions have deprived him of due process of law.  More particularly, Applicant argues that Texas law requires the Director to refrain from acting in a manner that causes him to suffer cruel and unusual punishment.  Applicant asserts that the law requires the Director to choose a "substance or substances" that can be injected in a "lethal quantity sufficient to cause death."  He contends the Director's practices in procuring, storing, and using the substances (compounded pentobarbital) violate laws prohibiting "the infliction of torture, ill treatment, and unnecessary pain on people who have been sentenced to

death." Applicant also argues that the Director is "deliberately indifferent" to laws prohibiting the torture, ill treatment, and infliction of unnecessary pain on death-sentenced inmates. But Applicant's allegations are unsupported. Without more, Applicant has failed to make a *prima facie* showing that *any* condemned inmate has been subjected to cruel and unusual punishment from the use of pentobarbital, much less that Applicant himself will be. Points of error two and three are overruled.

In his fourth point of error, Applicant contends that the trial court violated his right to due process and equal protection by setting, vacating, and resetting his execution without the 90 days notice he is entitled to under Texas law. Applicant's argument lacks merit. The trial court in June set Applicant's November execution date. In late August, the trial court vacated the date, but the State succeeded in getting the November date restored by securing mandamus relief from this Court. *See In re State of Texas ex rel. Bill D. Hicks*, No. WR-95,092-01 (Tex. Crim. App. Sept. 18, 2023) (not designated for publication). Our grant of mandamus held that the trial court had withdrawn the execution date without authority. Therefore, we ordered the reinstatement of the original setting for which Applicant had received proper notice. Applicant's fourth point of error is overruled.

V. *Conclusion*

Finding no reversible error in the proceedings below, we affirm the trial court's order denying relief on Applicant's Application for Writ of Habeas Corpus Under Article

I, § 12 of the Texas Constitution and Texas Code of Criminal Procedure Article 11.05.

No motions for rehearing will be entertained and the Clerk is instructed to immediately issue mandate. Applicant's motion to stay his execution is denied.

Delivered:     November 16, 2023
Do Not Publish